UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION


MARTHA S.,[1]                                          Case No. 6:20-cv-01211-MK

           Plaintiff,                                **OPINION
AND ORDER**

   v.

COMMISSIONER, Social Security
Administration,

           Defendant.
_____

**Kasubhai,** United States Magistrate Judge:

      Plaintiff Martha S. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying her application for disability

insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). This Court has

jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties

have consented to allow a Magistrate Judge to enter final orders and judgment in this case in

accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 15.

For the reasons set forth below, the Commissioner's decision is REVERSED and this case is

REMANDED for further proceedings.

_____

[1] In the interest of privacy, this Opinion and Order uses only the first name and last name initial of
non-government parties and their immediate family members.

## PROCEDURAL BACKGROUND

Plaintiff filed her DIB application in January 2018, with an amended alleged onset date of December 29, 2017. Tr. 44, 156–62.[2] Her application was denied initially and upon reconsideration. Tr. 91, 96. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in August 2019. Tr. 38–64, 103. On September 10, 2019, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 24–32. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1–7. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 62 years old on her alleged onset date. Tr. 65. She is a high school graduate and has past work experience as a medical assistant, receptionist, and administrative clerk. Tr. 56–57, 437. Plaintiff alleged disability based on a pulmonary embolism, fibromyalgia, chronic back pain, neuropathy in feet, type 2 diabetes, sleep apnea, bursitis of the hip, acquired hyperoxaluria, nocturia, insomnia, urinary tract infection, hypothyroidism, anemia, benign essential hypertension, cataract, asthma, gastroesophageal reflux disease, esophagitis, irritable bowel syndrome, dyslipidemia, fatigue, fibrositis, gross hematuria, joint pain, hypomagnesemia, memory loss, migraines, nephrolithiasis, rash, shoulder rotator cuff sprain, upper respiratory infection, senile purpura, neck pain, biceps tendinitis, kidney disease, deep vein thrombosis, and abnormal blood. Tr. 66.

---

[2] "Tr." citations are to the Administrative Record. ECF No. 7.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if

so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**THE ALJ'S DECISION**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 26. At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease, obesity, peripheral neuropathy with edema, asthma, and fibromyalgia. *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or equaled a listed impairment. Tr. 27. The ALJ found that Plaintiff had the RFC to perform light work, with the following limitations:

> [She could] occasionally lift and carry up to 20 pounds; frequently lift and carry 10 pounds or less; sit for six hours in an eight hour day; stand or walk in combination for no more than two hours in an eight hour day; and push and pull as much as she can lift and carry. [She could] occasionally climb ramps and stairs; avoid ladders, ropes, and scaffolding; occasionally stoop, kneel, crouch, and crawl. She must avoid dust, odors, fumes, and other pulmonary irritants. [Her] time off task [could] be accommodated by normal breaks.

Tr. 28.

At step four, the ALJ determined that Plaintiff could perform past relevant work as a receptionist and an administrative clerk. Tr. 32. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. *Id.*

**DISCUSSION**

Plaintiff asserts that remand is warranted for two reasons: (1) the ALJ erred by improperly rejecting her subjective symptom testimony; and (2) the ALJ's decision was not supported by substantial evidence in light of additional evidence Plaintiff submitted to the Appeals Council.

## I.    Subjective Symptom Testimony

Plaintiff asserts that the ALJ erred by improperly rejecting her subjective symptom testimony. Pl.'s Op. Br. 4, ECF No. 7. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion [that] the claimant is not credible is insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, *available at* 2016 WL 1119029, at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p.

medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Plaintiff testified that her lumbar spine degenerative disease caused her excruciating back pain. Tr. 46. Despite having multiple surgeries, her back pain made activities that required standing, walking, or sitting for extended periods of time difficult. Tr. 47. Her back pain interfered with her ability to concentrate, making her "spacey." Tr. 49. Her back pain also interfered with her speech. For example, she would "put word[s] in the wrong order" or say "ape" instead of "apple." Tr.50. Plaintiff testified that her shortness of breath and high blood pressure impacted her ability to work. Tr. 49–50. Additionally, Plaintiff testified that once or twice a month her feet swell, which made standing even more difficult. Tr. 51.

The ALJ rejected Plaintiff's subjective symptom testimony on the grounds that while Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's "statements concerning the intensity, persistence and limiting effect of these symptoms [were] not entirely consistent with the medical evidence and other evidence for the reasons explained in [his] decision." Tr. 29.

The Commissioner asserts that the ALJ properly rejected Plaintiff's subjective symptom testimony for two reasons: (A) Plaintiff's testimony was inconsistent with the medical record; and (B) her testimony was inconsistent with her activities of daily living. Def.'s Br. 2–5, ECF No. 14.

### A.    Medical Record

As noted, the Commissioner asserts that the ALJ properly rejected Plaintiff's subjective symptom testimony because her symptoms "stood at odds with her medical record." Def.'s Br. 3 (citing Tr. 29–31). The Commissioner directs the Court to various portions of the medical record

in which Plaintiff presented with short-lived periods of symptom relief. Tr. 436. Specifically, a provider who noted that Plaintiff "felt significant improvement with joint injections." *Id*. The Commissioner also highlights medical records after Plaintiff's joint surgery in May 2019, when a treating provider noted that Plaintiff's pain "initially described as 8/10 but begun to decrease and is 3/10 during clinic visit." Tr. 759. Finally, the Commissioner notes that despite Plaintiff's complaints about neuropathy in her feet, a treating provider noted in a July 2018 visit "no sign of peripheral neuropathy." Tr. 488.

Inconsistency with the medical record can in some circumstances justify an ALJ's rejection of a subjective symptom testimony. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (affirming ALJ's rejection of symptom testimony that did not comport with medical record); *see also Connett v. Barnhart*, 340 F.3d 871, 884 (9th Cir. 2003) (finding that testimony of weight fluctuation was inconsistent with the medical record); *Burch*, 400 F.3d at 681 (discounting back pain allegations as inconsistent with mild MRI findings). However, an ALJ may not single out isolated examples of temporary well-being or relief from disabling symptoms to reject testimony as inconsistent with the medical record as a whole. *Garrison*, 759 F.3d at 1017–18.

Here, an independent review of the record reflects that although Plaintiff at times reported moderate symptom improvement, such improvement was temporary in duration, and her debilitating symptoms returned shortly thereafter. *See* Tr. 435, 543, 533, 528, 769, 758. For example, on April 25, 2018, Plaintiff reported improvement nine days after receiving a steroid injection. Tr. 435. However, on June 13, 2018, less than three-and-a-half weeks later, Plaintiff's pain returned. Tr. 543. On July 24, 2018, Plaintiff reported ninety percent improvement in her

symptoms after receiving a steroid injection. Tr. 533. By September and October 2018, however, Plaintiff again reported constant pain that was "not livable." Tr. 528, 701.

Plaintiff's response to surgical intervention was similarly turbulent. For example, on April 3, 2019, a month after back surgery, Plaintiff reported reduced pain and being able to walk without a walker. Tr. 769.  By mid-June, however, she contacted her provider due to increased pain and scheduled an appointment to address the return of her pain. Tr. 758. Plaintiff also had back surgery in November 2015. *See* Tr. 285 ("Procedure(s) performed: 1. L5 laminectomy[,] 2. L5-2S1 bilateral partial facetectomy[, and] 3. L5-S1 bilateral foraminotomy"). While Plaintiff initially reported some relief, *see* Tr. 276–80, approximately a year later Plaintiff's pain returned to a level where she "would cry out and wake [her] husband" from the pain. Tr. 274. On this record, the Court concludes the medical record was not a legally sufficient reason to reject Plaintiff's subjective symptom testimony.

### B.    Activities of Daily Living

The Commissioner next asserts that the ALJ properly rejected Plaintiff's testimony based upon her activities of daily living. Def.'s Br. 4–5. In some circumstances, activities of daily living may form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills"; or (2) where the activities "contradict [a claimant's] testimony." *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick*, 157 F.3d at 722 (9th Cir. 1998) (requiring the level of activity to actually be inconsistent with the claimant's alleged limitations to be relevant to his or her credibility).

Plaintiff's minimal level of activities in this case fails to justify the ALJ's rejection of her testimony. Here, the ALJ listed Plaintiff's ability to perform housework and grocery shop. Tr. 30. The Ninth Circuit, however, has consistently held that such a modest level of activity is not sufficient to reject subjective complaints. *See Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from [her] credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Moreover, the ALJ's limited discussion of Plaintiff's daily activities failed to explain "what symptom testimony [was] not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284 (citing *Dodrill*, 12 F.3d at 918). As this Court has repeatedly explained, "an ALJ's mere recitation of a claimant's activities is insufficient to support rejection of the claimant's testimony as a matter of law." *Shirley C. v. Comm'r, Soc. Sec. Admin.*, No. 1:20-cv-01212-MK, 2021 WL 3008265, at *6 (D. Or. July 15, 2021). In other words, other than generally summarizing Plaintiff's activities, the ALJ failed to explain how any of the listed activities undermined her subjective symptom testimony. Therefore, this was not a clear and convincing reason to reject Plaintiff's testimony. *See David H. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-cv-00571-MK, 2020 WL 1970811, at *4 (D. Or. Apr. 24, 2020) (rejecting ALJ's reliance on claimant's activities where "the ALJ did not explain how these minimal activities undermined [the claimant's] symptom testimony") (citation omitted).

In sum, the ALJ failed to supply clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony and this case must therefore be remanded.[4]

## II.    Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison v. Coleman*, 759 F.3d 995, 1020 (9th Cir. 2014). Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id*. at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under

---

[4] In light of the ALJ's failure to provide legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony, the Court need not to reach the issue of whether the ALJ's decision was supported by substantial evidence given the additional evidence Plaintiff submitted to the Appeals Council. On remand, the ALJ should appropriately consider all of the evidence in the record in assessing whether Plaintiff is disabled within the meaning of the Act.

the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell*, 775 F.3d at 1141 (internal quotation marks omitted)).

 Here, the first requisite is met based on the ALJ's harmful legal errors. As discussed above, the ALJ failed to provide legally sufficient reasons for discrediting Plaintiff's subjective symptom testimony. As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted). Here, the Court finds that the record would benefit from further development. For example, the record is devoid of any treating or examining physician opinion that assesses Plaintiff's specific functional limitations.

 Accordingly, this case is remanded for further administrative proceedings to: (1) reevaluate Plaintiff's subjective symptom; (2) order a consultative examination to assess the impact of Plaintiff's impairments on her ability to function; (3) obtain additional VE testimony based on a reformulated RFC; and (4) conduct any further necessary proceedings. *See Burrell v. Colvin*, 75 F.3d 1133, 1141 (9th Cir. 2014).

///

///

///

///

///

///

///

**CONCLUSION**

For the reasons discussed above, the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 27th day of October 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
